IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DAMON SELDON,**

   Petitioner,

v.           **CIVIL ACTION NO. 5:23-CV-287**
               Judge Bailey

**R. BROWN,** Warden, FCI Gilmer**,**

   Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 29, 2023, the *pro se* petitioner, Damon Seldon, ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the application of time credits. On October 10, 2023, respondent filed a Motion for Summary Judgment. [Doc. 10]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND [1]

---

[1] The information in this section is taken from the petitioner's criminal dockets available on PACER. See **United States v. Seldon**, 1:17-CR-00008-TSB-1 (S.D. Oh. 2017) and **United States v. Seldon, et. al**, 1:10-CR-00093-TSB-1 (S.D. Oh. 2010). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir.

1

A.  **Convictions and Sentences**

On January 18, 2023, a multi-count indictment charging petitioner was filed in the United States District Court for the Southern District of Ohio.  On February 15, 2017, a superseding indictment charged petitioner with seven counts, including Count Six, which he ultimately pleaded guilty to, for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i).  Following a guilty plea pursuant to a plea agreement, petitioner was sentenced on September 28, 2017, to 84 months imprisonment.  On the same date, petitioner was sentenced for violating the terms of supervised release in case 1:10-CR-93 and was sentenced to 36 months, with the sentences to be served consecutively.  According to the Bureau of Prisons' ("BOP") website, petitioner's **projected** release date, via good conduct time, is October 22, 2025.

B.  **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner states that the BOP is denying him credits earned under the First Step Act.  Petitioner contends that he has earned "at least" 365 credit days but that the BOP is denying him his earned credits due to his recidivism score.

C.  **Motion to Dismiss or for Summary Judgment**

On October 10, 2023, respondent filed a Motion for Summary Judgment. [Doc. 10].  In respondent's memorandum in support of the Motion, respondent argues that petitioner is ineligible to earn First Step Act time credits because he was convicted of an offense under 18 U.S.C. § 924(c) and is therefore ineligible to earn credits.

Petitioner did not file a response to the Motion.

---

1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Upon review, the undersigned finds that petitioner is ineligible to earn credits under the First Step Act and summary judgment should be granted. Petitioner is ineligible to earn credits under the First Step Act due to his conviction under 18 U.S.C. § 924(c) for unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). However, subparagraph (D) excludes certain prisoners from eligibility:

> **(D) Ineligible prisoners.**--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
> …
>
> **(xxii)** Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, it is clear that petitioner is ineligible to receive time credits under 18 U.S.C. § 3632(d).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's Motion for Summary Judgment [**Doc. 10**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, as petitioner has paid the filing fee in this case, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: November 28, 2023.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE